UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-26397-CIV-SINGHAL

EDIN ARMANDO MEJIA

Petitioner,

v.

WARDEN, Krome North SPC, *et al.*,

Respondents.
_______________________________________/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**"). (DE [1]). Petitioner is a Honduran citizen who has been present in the United States since 1995. *Id.* ¶ 15. Unlike many aliens who illegally enter this country, commit crimes, and spend decades in this country's prison system,[1] Petitioner had led an exemplary life as a hard worker, father of three children, taxpayer, and non-criminal. *See id.* ¶ 2. Despite his excellent record, immigration authorities detained Petitioner on September 3, 2026, and have not given him a bond hearing. *See id.* ¶ 22. Petitioner argues that his detention is governed by 8 U.S.C. section 1226 and he is entitled to a bond hearing thereunder. *See id.* ¶¶ 29–34. He also asserts that the government's failure to give him a bond hearing violates due process. *Id.* ¶¶ 35–38.

While the alleged violations stem from the government's failure to give Petitioner a bond hearing, Petitioner insists that immediate release is the appropriate remedy. *Id.* ¶¶ 39–40. He also submits that he need not first ask the government for this relief

[1] *See, e.g.*, *Torre v. U.S. Immigr. and Cust. Enf't*, --- F. Supp. 3d ----, 2026 WL 2409164 (S.D. Fla. 2026) (sex crimes); *Hernandez v. Krome N. Serv. Processing Ctr.*, 825 F. Supp. 3d 1356 (S.D. Fla. 2026) (murder); *Quintana-Gonzalez v. Warden, S. Fla. Det. Ctr.*, No. 26-21294-CIV-SINGHAL (S.D. Fla. Apr. 30, 2026) (sex crimes).

because at the time he filed his Petition the government had not yet opened an immigration case against him wherein he could move for bond. *See id.* ¶ 28. Although the Court is sympathetic, it disagrees.

Contrary to Petitioner's representations, the government has opened an immigration case against him. *See Automated Case Information A-Number 094-361-712*, EOIR (last accessed Oct. 21, 2026), https://acis.eoir.justice.gov/en/caseInformation.[2] Indeed, the Executive Office of Immigration Review's docket reveals a case pending against Petitioner since September 15, 2026—the day before he filed his Petition. *See id.* While Petitioner represents an immigration judge may not consider his argument that he is detained under 8 U.S.C. section 1226 and entitled to a bond hearing thereunder, this Court is familiar with dozens of cases in which immigration judges have considered that precise issue. Because Petitioner has a forum in which he may argue he is entitled to a bond hearing under section 1226, he has failed to exhaust his administrative remedies. *See Romero v. Broward Transitional Ctr.*, 830 F. Supp. 3d 1223, 1225 n.2 (S.D. Fla. 2026) (exhaustion of administrative remedies unnecessary when futile). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 21st day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF

[2] The Court may take judicial notice of Petitioner's immigration docket. *See Fagan v. U.S. Att'y Gen.*, 2025 WL 3170821, at *2 n.2 (S.D. Fla. Nov. 13, 2025) (Altman, J.).